(67 Misc. Rep. 447.)

### GUZICK v. RESSLER.

(Supreme Court, Appellate Term. May 25, 1910.)

1. EVIDENCE (§ 96*)—BURDEN OF PROOF—COUNTERCLAIM.

The burden rested upon defendant in an action on a note to prove his counterclaim, alleging payment for plaintiff to the latter's creditors in excess of the amount of the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 120; Dec. Dig. § 96.*]

2. APPEAL AND ERROR (§ 204*)—OBJECTIONS IN LOWER COURT—NECESSITY—ADMISSION OF STIPULATION IN EVIDENCE.

A stipulation by defendant's counsel was not formally offered in evidence and marked as an exhibit, but it was considered by the court without objection, and, when defendant's offer of evidence was objected to as contrary to the stipulation, his counsel stated that if the evidence was objected to he would leave it out, and afterwards stated that in view of the stipulation he supposed the court would not permit him to prove certain facts contrary thereto, but he excepted to the ruling excluding such proof. Held, that the stipulation was treated as an exhibit by all parties, so that a judgment for plaintiff would not be reversed because the stipulation was not marked as an exhibit.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 204.*]

Appeal from City Court of New York, Trial Term.

Action by Fannie Guzick against Nathan Ressler. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

H. & J. J. Lesser (Abraham Oberstein, of counsel), for appellant.
Abraham H. Sarasohn, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. This is an action upon a promissory note made and delivered by the defendant to the plaintiff. The defendant pleaded as a counterclaim that payment was made on behalf of the plaintiff to creditors of the latter in excess of the amount of the note, and demanded judgment for $127, the alleged amount of the payments in excess of the amount of the note. The defendant, who had resting upon him the burden of proof, testified that such payments were made with the consent of the plaintiff and her husband. This testimony was directly contradicted by the plaintiff and her husband. The only question submitted to the jury was this issue of fact. No exception was taken to the charge of the court, and the only question of importance presented by this appeal is whether effect is to be given to a stipulation, which was signed by the attorneys for the defendant, but which the record does not show was formally offered in evidence and marked as an exhibit in the case.

In corroboration of his claim the defendant attempted to prove by creditors of the plaintiff the debts which were due them which he had paid. This testimony was objected to, on the ground that it was contrary to the stipulation of the defendant, and the record shows that the stipulation was handed to the court. This stipulation, which was signed by the attorneys for the defendant, provides that the defendant will not prove or attempt to prove:

"That any indebtedness existed, in favor of the various persons to whom said payments were made, against the plaintiff, or the nature of such indebtedness, or, if any indebtedness existed, how the same was created, or that a cause of action existed of any nature or description in favor of the said persons to whom payments were made against the plaintiff in this action."

After some discussion as to whether the testimony offered should be received, the court said:

"That is the very thing you stipulated you would not attempt to prove on this trial."

To this remark the defendant's counsel replied:

"All right; if that is objected to, I will leave that out."

Defendant's counsel then called another witness, and, after asking him his name, said:

"I will say this, your honor: That all our witnesses will similarly testify to the fact that those were goods sold by them and delivered to the place of business of Fannie Guzick, and that the amount in question as set forth in the bill of particulars was paid by Ressler for these goods, and that the amount in question represents goods sold to Fannie Guzick. If your honor is going to make the same ruling, why I might just as well save the trouble of calling these different people. However, I will make the offer of this proof, and, in view of the stipulation, I presume your honor will hold that we are not permitted to prove that."

The court indicated that it would so rule, and the defendant excepted.

It is now very earnestly urged that the learned court below erred in giving effect to this stipulation. It is true that the record does not show that it was formally offered in evidence and marked as an exhibit. It does appear, however, that it was handed to the court, that

it was considered by the court, and that no objection was made to its consideration. Indeed, the counsel for the defendant seemed to recognize that it was properly before the court, and it was treated by him as if it had been formally marked in evidence. When the evidence he offered was first objected to as contrary to the stipulation, he treated the stipulation as binding upon defendant when he said:

."All right; if that is objected to, I will leave that out."

Later he recognized that as the stipulation was before the court, and as the court had ruled that effect should be given it, it would be useless to offer other evidence which was contrary to its terms. His own statement, made after his offer of proof, that, "in view of the stipulation, I presume your honor will hold that we are not permitted to prove that," shows conclusively that the case was tried upon the theory that the stipulation was before the court.

While the defendant's counsel excepted to the ruling refusing the proof that was offered, it is significant that neither before nor after this ruling did counsel for the defendant even question the propriety of receiving the stipulation, or claim that it was not properly before the court. In view of the attitude of the court and counsel for both parties toward this stipulation, we think it would be stretching technicality to the border of absurdity to reverse this judgment solely because the stenographer did not mark this stipulation as an exhibit in the case. In fact, it was such an exhibit, and was so treated by all concerned in the trial. The stipulation in the record is sufficiently identified as the stipulation referred to in the evidence.

Judgment affirmed, with costs. All concur.